UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAUREN ROLLINS,
  Plaintiff,

v.

R Street Institute,
  Defendants.

Civil Action: 3:22-cv-30059

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant R Street Institute ("Defendant") answers the Complaint of Plaintiff Lauren Rollins ("Plaintiff") as follows:

## I.   INTRODUCTION

1.   The allegations in Paragraph 1 of the Complaint are not directed at Defendant and/or state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant denies that it violated any law, rule or regulation, or otherwise engaged in any wrongdoing. Responding further, Defendant denies that Plaintiff is entitled any recovery or relief whatsoever in this action.

2.   The allegations in Paragraph 2 of the Complaint are not directed at Defendant and/or state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant denies that it violated any law, rule or regulation, or otherwise engaged in any wrongdoing. Responding further, Defendant denies that Plaintiff is entitled any recovery or relief whatsoever in this action.

3.   Defendant admits that Plaintiff was employed by R Street as an Editorial Manager and as an Associate Vice President ("AVP") of Policy. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

## II. PARTIES

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies them.

7. Defendant admits that Plaintiff was an employee of R Street. The remaining allegations in Paragraph 7 of the Complaint state legal conclusions and, therefore, no response is required.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

## III. JURISDICTION AND VENUE

10. The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction.

11. The allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction.

12. The allegations in Paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court.

13. Defendant admits that Plaintiff dually filed a Charge of Discrimination on December 9, 2021 with Massachusetts Commission Against Discrimination ("MCAD") and the

Equal Employment Opportunity Commission ("EEOC"), which is a written document that speaks for itself. Defendant denies that all of the claims asserted in the Complaint are timely.

14. Defendant admits that on April 7, 2022, Plaintiff withdrew her Charge from the MCAD and was authorized to pursue her claims in court, which is a written document that speaks for itself.

15. Defendant admits that the EEOC issued a Notice of Right to Sue on April 27, 2022, which is a written document that speaks for itself.

### IV. FACTUAL ALLEGATIONS

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that for a portion of the time Plaintiff worked as Editorial Manager she reported to Editor in Chief R.J. Lehmann and denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint. Further answering, Mr. Kosar's annual salary as of March 26, 2017 was $175,000.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint. Further answering, Plaintiff took over some of Mr. Lehmann's editorial/publications responsibilities and became Editorial Director as of January 1, 2018.

24. Defendant denies the allegations in Paragraph 24 of the Complaint. Further answering, Defendant increased Plaintiff's annual salary to $85,000 as of May 4, 2018.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint. Further answering, Defendant increased Plaintiff's annual salary to $100,000 as of January 1, 2019.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that the AVP of Policy Management role was bifurcated into two roles and that Mr. Kosar had formerly served as the VP of Policy. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant admits the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff was not initially placed on the Executive Team following her promotion to the role of AVP of Research Programs. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant admits that Mr. Saleh transitioned from his role as AVP Policy Management in July 2021 and that Ms. Yee and Ms. Kendall were two of the individuals who

received some of the responsibilities that were reallocated within the organization. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Ms. Yee resigned from R Street in August 2021. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint. Further answering, Rollins received a COLA and her annual salary was increased to $142,800 as of Jun 28, 2021.

45. Defendant admits the allegations in Paragraph 45 of the Complaint.

46. Defendant admits the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits that Plaintiff contacted Ms. Schoder to state that she had believed Ms. Temple would receive the yearly COLA increase even though she had just received the raise Plaintiff had requested and to request a greater pay increase. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff expressed frustration that Mr. Gray was paid more than Ms. Temple. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff expressed frustration that Mr. Gray was paid more than Ms. Temple. Defendant denies the remaining allegations in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff expressed frustration that Mr. Gray was paid more than Ms. Temple. Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant admits that Ms. Schoder spoke with Ms. Washington after her call with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Complaint, and therefore denies them.

57. Defendant admits that Ms. Schoder granted Plaintiff's request to further increase Ms. Temple's salary and denies that this decision was "reluctant." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore denies them.

58. Defendant admits that it approved Plaintiff's raise request for Ms. Temple. Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59. Defendant admits that R Street reviewed Ms. Kitchens' and Mr. Hyden's salaries. Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60. Defendant admits that Ms. Kitchens' raise was to ensure organizational equity and reflect her performance. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant admits that Ms. Schoder offered Plaintiff coaching regarding Plaintiff's performance deficiencies. Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and therefore denies them.

70. Defendant admits that in October 2021, Ms. Schoder met with R Street employees who reported to Plaintiff. Defendant denies the remaining allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant admits that in October 2021, Ms. Schoder and Plaintiff discussed Plaintiff's management of R Street employees who reported to Plaintiff. Defendant denies the remaining allegations in Paragraph 72 of the Complaint.

73. Defendant admits the allegations in Paragraph 73 of the Complaint.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and therefore denies them.

75. Defendant admits that on October 20, 2021, Ms. Schoder and Plaintiff received an email from Ms. Latham, the contents of which speak for themselves.

76. Defendant admits that Plaintiff was terminated on October 21, 2021. Defendant denies the remaining allegations in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77 of the Complaint.

## V. LEGAL CLAIMS

### COUNT ONE
### UNEQUAL PAY IN VIOLATION OF FEDERAL EQUAL PAY ACT, 29 U.S.C. § 206(D)

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

### COUNT TWO
### UNEQUAL PAY IN VIOLATION OF THE MASSACHUSETTS EQUAL PAY ACT, M.G.L. c. 149 § 105(A) *et seq.*

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

### COUNT THREE
### ILLEGAL DISCRIMINATION ON ACCOUNT OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E *et seq.*

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

## COUNT FOUR
## ILLEGAL DISCRIMINATION ON ACCOUNT OF SEX IN VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 151B *et seq.*

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. The allegations in Paragraph 88 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

## COUNT FIVE
## ILLEGAL RETALIATION AGAINST PLAINTIFF IN VIOLATION OF FEDERAL EQUAL PAY ACT, 29 U.S.C. § 206(d) *et seq.*

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 86 of the Complaint.

## COUNT SIX
## ILLEGAL RETALIATION IN VIOLATION OF THE MASSACHUSETTS EQUAL PAY ACT, M.G.L. c. 149 § 105(a) *et seq.*

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. The allegations in Paragraph 98 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

## COUNT SEVEN
## ILLEGAL RETALIATION AGAINST PLAINTIFF IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 29 U.S.C. § 2000E *et seq.*

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. The allegations in Paragraph 103 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

## COUNT EIGHT
## ILLEGAL RETALIATION AGAINST PLAINTIFF IN VIOLATION OF M.G.L. c. 151B § 1 *et seq.*

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. The allegations in Paragraph 107 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the damages set forth in her prayer for relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a *prima facie* case with respect to her claims.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims to have suffered damages, such damages were caused by Plaintiff's own acts or omissions and Plaintiff is not entitled to such alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because at all times relevant hereto, Defendant acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or her failure to exhaust her administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by principles of accord and satisfaction, payment, waiver, estoppel, laches, and/or release.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to prevent or mitigate the damages she has sustained, if any, as a result of Defendant's alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

Defendant's employment decisions, at all relevant times, were based on legitimate non-discriminatory and non-retaliatory reasons and were consistent with applicable principles of law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action under Massachusetts law must be dismissed because Massachusetts law does not govern the relationship between the parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserve the right to assert additional affirmative defenses as may become available to it during the course of this litigation and reserves its right to amend this Answer to assert any affirmative defenses not presently known to Defendant.

**WHEREFORE**, Defendant prays that the Court dismiss the Complaint against it with prejudice, enter judgment in its favor, award Defendant its attorneys' fees and costs, and award such other and further relief as the Court deems just and proper.

Respectfully submitted,

R STREET INSTITUTE

By its attorneys,

*Benjamin R. Davis*
Benjamin R. Davis (BBO #673017)
Austin D. Jones (BBO #709313)
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
Benjamin.Davis@jacksonlewis.com
Austin.Jones@jaconslewis.com

Dated: July 25, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2022.

*Benjamin R. Davis*
Jackson Lewis P.C.

4855-0560-8490, v. 2