**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LAUREN ROLLINS,<br><br>        Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE<br><br>        Defendant. | Civil Action No. 3:22-cv-30059-MGM |

## JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(d), and this Court's July 26, 2022 Notice, Plaintiff Lauren Rollins ("Plaintiff"), and Defendant R Street Institute ("Defendant"), (collectively, the "Parties") submit this Discovery Plan, Proposed Scheduling Order, and Local Rule 16.4 Certifications as set forth below:

**I.**     **Discovery Plan**

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures by August 26, 2022.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties anticipate that discovery will be focused on whether Plaintiff was paid less than similarly-situated male comparators and whether her employment was terminated because she complained about her compensation. Defendant also expects to conduct discovery on Plaintiff's mitigation efforts, if any.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties expect to meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and to present the Court with a Discovery Plan.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

In accordance with Fed. R. Evid. 502(d), the Parties stipulate that the production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Parties further agree that this stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Notwithstanding the foregoing, the Receiving Party may challenge the assertion of privilege or work-product protection against disclosure, but the fact of production or disclosure in discovery shall not be a basis to challenge the assertion of any privilege or work production protection against disclosure.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties believe that the ordinary limitations within the Local Rules should apply.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties will jointly move for a Confidentiality Order prior to exchanging documents.

**II.** **Proposed Pre-Trial Schedule**

1. **Initial Disclosures.** Initial Disclosures shall be served by **August 26, 2022**.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **November 28, 2022**.

3. **Fact Discovery.** All discovery, other than expert discovery, must be completed by **March 31, 2023**.

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Dispositive Motions.**

    a. Dispositive motions for summary judgment must be filed by **May 15, 2023**.

    b. Oppositions to dispositive motions must be filed within 28 days of the filing of the motion.

    c. Replies must be filed within 28 days of the filing of the Opposition.

6. **Status Conference.** The parties request that a status conference be scheduled at the close of discovery to discuss whether one or both parties will be filing a dispositive motion and the schedule for expert discovery, if any.

7. **Trial By Magistrate Judge**. The parties do not consent to proceeding to trial by a magistrate judge.

III. **Local Rule 16.1(D)(3) Certifications**

Counsel for the Parties certify that each party and that party's counsel have conferred: (a) with a view to establishing a budget for the costs of conducting the full course and various alternative courses--of the litigation; and (b) to consider the resolution of the litigation through

3

the use of alternative dispute resolution programs such as those outlined in L.R. 16.4. The Parties' certifications will be filed separately.

Dated: August 8, 2022

Respectfully Submitted,

| | |
|---|---|
| **LAUREN ROLLINS,** | **R STREET INSTITUTE** |
| By her attorneys, | By their attorneys, |
| *s/ Raymond Dinsmore* | */s/ Benjamin Davis* |
| Raymond Dinsmore (BBO # 667340) | Benjamin R. Davis (BBO #673017) |
| Hayber, McKenna & Dinsmore, LLC | benjamin.davis@jacksonlewis.com |
| One Monarch Place, Suite 1340 | JACKSON LEWIS P.C. |
| Springfield, MA 01144 | 75 Park Plaza, 4th Floor |
| Tel: 413-785-1400; Fax: (860) 218-9555 | Boston, MA 02116 |
| eMail: rdinsmore@hayberlawfirm.com | (617) 367-0025 |

4

## CERTIFICATE OF SERVICE

I, Raymond Dinsmore, hereby certify that a copy of the foregoing document was served via e-Mail and/or U.S. Mail, postage prepaid, as follows:

> Benjamin R. Davis
> Austin D. Jones
> Jackson Lewis, P.C.
> 75 Park Plaza, 4th Floor
> Boston, MA  02116
> eMail:　　　Benjamin.Davis@jacksonlewis.com
> 　　　　　　Austin.Jones@jacksonlewis.com

Dated:  August 8, 2022　　　　　　　　　　　　*/s/* Raymond Dinsmore
　　　　　　　　　　　　　　　　　　　　　　Raymond Dinsmore