UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN ROLLINS,<br>       Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE,<br>       Defendant. | Civil Action No. 3:22-cv-30059-MGM |

**Plaintiff Lauren Rollins' Opposition to Defendant's Motion to Compel Discovery**

Discovery in a civil action is limited to non-privileged material that is relevant to a party's claims or defenses and is proportional to the needs of the case. Fed.R.Civ.P 26(b)(1). Here, Plaintiff Lauren Rollins brought suit against Defendant R Street Institute, alleging claims of sex-based wage discrimination in violation of state and federal law as well as retaliation for her complaints of sex discrimination. Through this action, Plaintiff Rollins seeks compensation for lost wages, future pay, pain and suffering, punitive damages and attorneys' fees. In connection with these claims, Defendant now asks this Court to compel Plaintiff to produce certain medical records documents, some of which do not exist and others that are not only privileged but are not relevant to Plaintiff Rollins' claims nor proportional to the needs of this case. For these reasons, Defendant's motion should be denied in its entirety.

I. **Legal Standard**

The scope of discovery in a discrimination case is governed by the Federal Rules of Procedure.  Rule 26(b)(1) states:

> Parties may obtain discovery regarding **any nonprivileged** matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action,

1

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (Emphasis added)

In this case, the discovery sought by Defendant R Street is privileged, not relevant and not proportional to the needs of this case.

II.   **Argument**

Defendant's Motion to Compel focuses on three (3) specific requests related to certain medical records of Plaintiff Rollins.

**Request for Production No. 34**

In Request for Production No. 34, Defendant sought:

*34. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff **visited, consulted, or received treatment or evaluation for any condition or symptom that Plaintiff claims was caused by or resulted from R Street's alleged conduct**, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered. (emphasis added)*

Plaintiff responded:

*Medical marijuana practitioner, An Chen at Veriheal.com; see Exhibit C.* (See Exhibit A, Plaintiff's responses to Defendant's Requests for Production)  Plaintiff offered a general objection in regard to all of the Production Requests, including an objection based on privilege but Plaintiff answered this Request because it was narrowly tailored to the events at issue in her complaint.  Other than the prescription provided by Dr. Chen, Plaintiff did not produce any records responsive to Production Request No. 34 because **none** existed – she has not sought any other treatment for any condition or symptoms she claims was caused by Defendant.

2

Defendant sought similar information in Interrogatory No. 12, asking Plaintiff to identify "each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that Plaintiff has visited, consulted or received treatment from relative to any physical or emotional condition Plaintiff alleges R Street caused." Again, Plaintiff provided a general objection to all of the Interrogatories and answered this specific request. Plaintiff responded, "To help with the stress of losing my job and searching for an appropriate replacement thereof, I obtained a medical marijuana card through Dr. An Cen at Veriheal." On April 21, 23, Plaintiff provided a Supplemental Response stating: "Other than this card, I have not sought any treatment for the physical or emotional harm caused by Defendant." (See, Exhibit B, Plaintiff's Response to Defendant's Interrogatories)

Defense counsel questioned Plaintiff at her deposition as to whether she saw a therapist. Plaintiff testified,

> I didn't go to a therapist because I knew it was situational and it was a matter of, I mean, they're going to put me on some kind of antidepressant and I don't' take those kinds of medications. So, there was nothing for me to do other than to figure out how to pick the pieces up and try to put my life back together.

(See Exhibit C, Rollins Depo, Day 2, 448:22-449:8-14) Plaintiff continued to express a number of reasons why she did not believe that therapy was going to work for her.

After Plaintiff's deposition was completed, Defendant deposed her daughter, Madison Rollins. Defendant questioned Ms. Rollins about Plaintiff's familiar relationships as well as her relationship with a recent romantic partner. During that testimony, Ms. Rollins referenced that her mother had recently started therapy and that,

as she understood it, this therapy had been helpful for her mother. (See Exhibit D, Deposition of Madison Rollins, 87:8-89:16)[1] However, Ms. Rollins does not participate in her mother's therapy and at best could only speculate as to the ways in which therapy was "helping" her mother, including working through losing her job. From this testimony, Defendant has extrapolated that Plaintiff must be seeking therapy for a condition that she claims was caused by R Street.[2] This hearsay testimony clearly does not open the door for any order to compel Plaintiff to produce medical records in response to this Production Request, particularly in light of Plaintiff's consistent testimony that she has not sought treatment **for** the emotional distress she has alleged in this Complaint.

In order to resolve this issue without resort to motion practice, Plaintiff then informed Defendant in no uncertain terms that she was limiting her claim of emotional distress damages to one of garden variety emotional distress. (See Exhibit E, letter to B. Davis, dated August 16, 2023) In its Motion, Defendant now attempts to use Plaintiff's clarification as to the type of emotional distress damages that she is seeking as proof that she has been withholding records previously sought in regard to Production Request No. 34. But, even if Plaintiff had sought treatment specific to any "condition or symptom" that she claims were caused by R Streets' unlawful conduct, she did not open the door to providing those privileged records, simply by making that allegation. For example, in *Sabree* v. *United Broth. of Carpenters & Joiners of America,*

---

[1] Q. Has she indicated to you the purpose of therapy?
A. Yes. We talked about it, when I – you know, truthfully, I was a little bit surprised that she had decided to go, and she had said to me that – she was trying to convince me, actually, because she think's its very helpful. It helps her work through anything, form childhood trauma, to the breakup, to losing her job. I think that it has definitely helped her outlook on things."
(Ex. D, 87:8-89:16)
[2] The therapy that the Plaintiff has recently been participating was in connection with relationship issues.

4

the Court concluded that "Sabree has not placed his mental condition at issue. Sabree makes a "garden-variety" claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination" and denied the Union's motion to compel. 126 F.R.D. 422, 426 (D. Mass 1989). See also, *Koppel* v. *Moses*, 2022 WL 17084324 (D. Mass Nov. 8, 2022); *Sorenson* v. *H & R Block, Inc.* 197 F.R.D. 199, 204 (D. Mass 2000); *Vanderbilt* v. *Town of Chilmark*, 174 F.R.D. 225 (D. Mass 1997). Here, the Plaintiff has not offered expert testimony as to the emotional distress claimed in this lawsuit, nor does she intend to do so, and she does not claim to suffer from a specific diagnosis. Instead, the Plaintiff has limited her claim to garden variety emotional distress and by doing so, any such records are not relevant or proportional to this request. Here, there are no additional records responsive to Production Request No. 34 and Defendant's Motion to Compel to this Request should be denied.

Defendant also moves to compel **Request for Production No. 35 and 36.**

In Request for Production No. 35, Defendant sought:

*35. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted or received treatment from at any time from June 2017, to present, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.*

Plaintiff responded:

*Objections: This Request seeks or purports to impose upon Plaintiff obligations other than those imposed by the FRCP and the applicable Rules of this Court. This Request calls for documents not within her possession, custody, or control. This Request seeks information that is not proportional to the needs of the case. This Request seeks information that is not relevant to the subject matter of this litigation. This Request is vague, ambiguous, argumentative, overbroad, redundant, overlapping, repetitive, harassing, and unduly burdensome, and not reasonably*

*calculated to lead to the discovery of admissible evidence. Notwithstanding the objections and subject to them, none.*

In Request for Production No. 36, Defendant sought:

36. Any and all documents concerning any physical or mental condition that Plaintiff claims is at issue in this case, which were not already produced in response to the above requests.

Plaintiff responded:

*Objections: This Request seeks or purports to impose upon Plaintiff obligations other than those imposed by the FRCP and the applicable Rules of this Court. This Request calls for documents not within her possession, custody, or control. This Request seeks information that is not proportional to the needs of the case. This Request seeks information that is not relevant to the subject matter of this litigation. This Request is vague, ambiguous, argumentative, overbroad, redundant, overlapping, repetitive, harassing, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objections and subject to them, none.*

In its Motion, Defendant seek to obtain **all** of Plaintiff's private and confidential treatment records – even for conditions that she does not claim were "caused by or resulted from R Street's alleged conduct." Defendant R Street argues that Plaintiff Rollins has waived any privilege claim to <u>any</u> therapy records because she disclosed that she received a prescription for medical marijuana in response to Production Request No. 34. But the fact that Plaintiff Rollins answered Production Request No. 34 – a request that was specifically limited to the production of any treatment related specifically to distress she claims was caused by R Street's conduct does not open the door to any other therapeutic treatment that she may have received during the course of her life, particularly in

6

light of the limitation that she has placed on her claim for emotional distress damages. As such, this Request is not proportionate to the needs of the case nor relevant to Plaintiff's claims. For the reasons set out above, Plaintiff should not be compelled to provide any documents in regard to Request No. 35.

Finally, Defendant argues Plaintiff should be compelled to produce all documents related to her diagnosis and treatment for autism. Defendant states that the fact that Plaintiff has limited her claims to garden variety emotional distress is immaterial to whether her "mental health/neurological disorder diagnosis" is relevant to Defendant's termination decision and further claims that "goes to the heart of the appropriateness of Rollins' workplace behavior and her own perception of her behavior." (Def. Memo, p. 5) But Defendant misconstrues Plaintiff's legal claims. Plaintiff has not claimed that her status as an individual who is on the autism spectrum led to her termination, nor has she alleged any sort of disability discrimination claim. In this case, Plaintiff has alleged sex-based discrimination in her treatment and her compensation, Equal Pay Act violations and retaliation for complaining about the discriminatory treatment that she experienced and the discriminatory treatment of her female co-workers. Whether or not Plaintiff is autistic is not relevant to the claims that she has alleged in this case.

In fact, the issue of autism only came up during the first day of Plaintiff's deposition, when she stated that she was "neuro-divergent" and that it affected her ability to pinpoint dates when asked certain questions. (See Exhibit F, Lauren Rollins, Deposition Day 1, 90:15-18). At that time, there was no further examination of what Plaintiff meant by "neuro-divergent". During the second day of her deposition, defense counsel asked Plaintiff about her "neuro-divergence" and she explained that she is on

7

the autism spectrum. She was then asked how her autism might affect her testimony, to which she replied, "it makes me truthful to a fault" (Ex. C, 291:9) and that she over-communicates. Plaintiff did not disclose her belief that she was autistic to anyone at Defendant during her employment. (Ex. C, 295:17-19)

Despite these facts, Defendant has now demanded that Plaintiff provide records related to her autism diagnosis or treatment. But Plaintiff informed defense counsel that she does not have any records. Plaintiff's description of herself as being on the "autism spectrum" is based upon a self-diagnosis, not a formal medical diagnosis or treatment. Therefore, there are no diagnosis or treatment records. The Court cannot compel Plaintiff to produce records that do not exist.  For these reasons, Defendant's Motion with regard to this issue should also be denied.

### III.  Conclusion

For the reasons set out more fully above, Defendant's Motion to Compel should be denied in its entirety.

Plaintiff, LAUREN ROLLINS,

Dated:  September 12, 2023

　　/s/ Deborah McKenna　　
Deborah L. McKenna
Federal Bar No.: ct17326
Hayber, McKenna & Dinsmore, LLC
472 Wheelers Farms Road
Milford, CT 06461
Ph:  (203) 691-6491
Fax: (860) 218-9555
dmckenna@hayberlawfirm.com

## CERTIFICATE OF SERVICE

I, Deborah L. McKenna, hereby certify that this document, filed through the CMECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 12, 2023, and to unregistered participants via email:

>Benjamin R. Davis
>Austin D. Jones
>Jackson Lewis P.C.
>75 Park Plaza, 4th Floor
>Boston, MA 02116
>Email: Benjamin.Davis@jacksonlewis.com
>       Austin.Jones@jacksonlewis.com

                                                      /s/ Deborah McKenna
                                                      Deborah L. McKenna