# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN ROLLINS,<br>      Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE,<br>      Defendant. | Civil Action No. 3:22-cv-30059<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff, Lauren Rollins ("Rollins" or "Plaintiff") by and through her attorney, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 26 and 34, and applicable local rules (collectively, "the Rules"), hereby responds and objects to Defendant, R Street Institute's ("R Street" or "Defendant") First Requests for the Production of Documents ("the Requests") as follows:

## GENERAL OBJECTIONS

A.    Rollins objects to the Requests to the extent they seek or purport to impose upon Rollins obligations other than those imposed by the Rules. Rollins's objections to the Requests are prescribed by, and she hereby responds in accordance with, the Rules.

B.    Rollins objects to the Requests to the extent that they seek attorney work product, trial preparation materials, documents prepared after the commencement of this litigation, or communications protected by the attorney-client privilege or any other applicable privilege. In the event that any protected or privileged documents are produced by Rollins, such production is inadvertent and does not constitute a waiver of any privilege.

C.    Rollins objects to the Requests to the extent that they call for documents not within her possession, custody, or control.

D. Rollins objects to the Requests to the extent that the information therein is equally accessible to Defendant.

E. Rollins objects to the Requests to the extent that they are not proportional to the needs of the case.

F. Rollins objects to the Requests to the extent they seek information that is not relevant to the subject matter of this litigation.

G. Rollins objects to the Requests to the extent that they are not limited in time.

H. Rollins objects to each Document Request to the extent that it is ambiguous, vague or otherwise incomprehensible.

I. Rollins objects to the Requests to the extent that they do not identify the documents to be produced with reasonable particularity. Rollins has responded to each request based upon a reasonable, common-sense reading of the request. Rollins reserves the right to amend or supplement these responses in the event that Defendant later asserts a different interpretation which is accepted by Rollins.

J. Rollins objects to the Requests to the extent that they are overbroad, redundant, overlapping, repetitive or harassing.

K. Rollins provides these objections and responses without conceding that any of the documents sought is either relevant to or admissible in any trial of this action.

L. By stating in these responses that Rollins will produce documents responsive to specific requests, Rollins does not represent that any particular documents actually exist, but only that she will make a good faith search in an attempt to ascertain whether responsive documents do, in fact, exist in her possession, custody, and control.

      M.      Rollins reserves any and all rights to withhold any documents from production or to redact portions of any documents to be produced based upon any objections made herein.

      N.      Rollins hereby declares that her responses to the Requests are based on present knowledge, information and belief, and are subject to amendment and supplementation as Rollins acquires additional information and completes a review and analysis.

      O.      Consistent with the Rules, Rollins reserves the right to provide information or documents that may come to her attention and become available in the future and to use such information or documents at any hearing or proceeding related to this action.

      P.      Each and every response to a Document Request is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular Document Request is not intended to constitute a waiver of the General Objections that are not specifically referred to in that response.

**DOCUMENTS REQUESTED**

# REDACTED

# REDACTED

34. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted, or received treatment or evaluation for any condition or symptom that Plaintiff claims was caused by or resulted from R Street's alleged conduct, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

**RESPONSE 34.**

Medical marijuana practitioner, An Chen at Veriheal.com; see Exhibit C.

35. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted or received treatment from at any time from June 2017, to present,

including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

**RESPONSE 35.**

<u>Objections</u>:  This Request seeks or purports to impose upon Plaintiff obligations other than those imposed by the FRCP and the applicable Rules of this Court.  This Request calls for documents not within her possession, custody, or control.  This Request seeks information that is not proportional to the needs of the case.  This Request seeks information that is not relevant to the subject matter of this litigation.  This Request is vague, ambiguous, argumentative, overbroad, redundant, overlapping, repetitive, harassing, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the objections and subject to them, none.

36.     Any and all documents concerning any physical or mental condition that Plaintiff claims is at issue in this case, which were not already produced in response to the above requests.

**RESPONSE 36.**

<u>Objections</u>:  This Request seeks or purports to impose upon Plaintiff obligations other than those imposed by the FRCP and the applicable Rules of this Court.  This Request calls for documents not within her possession, custody, or control.  This Request seeks information that is not proportional to the needs of the case.  This Request seeks information that is not relevant to the subject matter of this litigation.  This Request is vague, ambiguous, argumentative, overbroad, redundant, overlapping, repetitive, harassing, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the objections and subject to them, none.

# REDACTED

|  |  |
|---|---|
|  | The Plaintiff,<br>LAUREN ROLLINS,<br>By her attorney, |
| Dated:  November 14, 2022 | /s/ Raymond Dinsmore (BBO # 667340)<br>Raymond Dinsmore (BBO # 667340)<br>Hayber, McKenna & Dinsmore, LLC<br>One Monarch Place, Suite 1340<br>Springfield, MA  01144<br>Tel: 413-785-1400; Fax: (860) 218-9555<br>eMail:  rdinsmore@hayberlawfirm.com |

## CERTIFICATE OF SERVICE

I, Raymond Dinsmore, hereby certify that a copy of the foregoing document was served via e-Mail and/or U.S. Mail, postage prepaid, as follows:

>Benjamin R. Davis
>Austin D. Jones
>Jackson Lewis P.C.
>75 Park Plaza, 4thFloor
>Boston, MA 02116
>eMail:   Benjamin.Davis@jacksonlewis.com
>         Austin.Jones@jacksonlewis.com

Dated:  November 14, 2022              /s/ Raymond Dinsmore
                                       Raymond Dinsmore