# Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LAUREN ROLLINS,<br>         Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE,<br>         Defendant. | Civil Action No. 3:22-cv-30059<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff, Lauren Rollins ("Rollins" or "Plaintiff") by and through her attorney, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 33, hereby responds and objects to Defendant, R Street Institute's ("R Street" or "Defendant") First Set of Interrogatories ("the Interrogatories") as follows:

**GENERAL OBJECTIONS**

A. Rollins objects to the Interrogatories to the extent they seek or purport to impose upon her obligations other than those imposed by the FRCP and the applicable Rules of this Court. Rollins's objections to the Interrogatories are prescribed by, and she hereby responds in accordance with, the Rules of this Court.

B. Rollins objects to the Interrogatories to the extent that they seek attorney work product, trial preparation materials, documents prepared after the commencement of this litigation, or communications protected by the attorney-client privilege or any other applicable privilege. In the event that any protected or privileged documents are produced by Rollins, such production is inadvertent and does not constitute a waiver of any privilege.

C. Rollins objects to the Interrogatories to the extent that they call for documents not within her possession, custody, or control.

D. Rollins objects to the Interrogatories to the extent that the information therein is equally accessible to the Defendants.

1

E.      Rollins objects to the Interrogatories to the extent that they are not proportional to the needs of the case.

F.      Rollins objects to the Interrogatories to the extent they seek information that is not relevant to the subject matter of this litigation.

G.      Rollins further objects to the Interrogatories to the extent that they are not limited in time.

H.      Rollins objects to each interrogatory to the extent that it is ambiguous, vague or otherwise incomprehensible.

I.      Rollins objects to the Interrogatories to the extent that they do not identify the documents to be produced with reasonable particularity.  Rollins has responded to each interrogatory based upon a reasonable, common-sense reading of the interrogatory. Rollins reserves the right to amend or supplement these answers in the event that R Street later asserts a different interpretation which is accepted by Rollins.

J.      Rollins objects to the Interrogatories to the extent that they are overbroad, redundant, overlapping, repetitive or harassing.

K.      Rollins provides these objections and answers without conceding that any of the documents sought is either relevant to or admissible in any trial of this action.

L.      By stating in these answers that Rollins will produce documents responsive to specific interrogatories, Rollins does not represent that any particular documents actually exist, but only that she will make a good faith search in an attempt to ascertain whether responsive documents do, in fact, exist in her possession, custody, and control.

M.      Rollins reserves any and all rights to withhold any documents from production or to redact portions of any documents to be produced based upon any objections made herein.

N.     Rollins hereby declares that her answers to the Interrogatories are based on present knowledge, information and belief, and are subject to amendment and supplementation as Rollins acquires additional information and completes a review and analysis.

O.     Consistent with the Rules, Rollins reserves the right to provide information or documents that may come to her attention and become available in the future and to use such information or documents at any hearing or proceeding related to this action.

P.     Each and every answer to an interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the answer.  The explicit reference to a General Objection or the making of a specific objection in response to a particular interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referred to in that answer.

## INTERROGATORIES

# REDACTED

**INTERROGATORY NO. 12:**

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that Plaintiff has visited, consulted or received treatment from relative to any physical or emotional condition Plaintiff alleges R Street caused.  For each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associated or affiliated; any medical institutions with which the person was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of treatment and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

**ANSWER #12** To help with the stress of losing my job and searching for an appropriate replacement therefor, I obtained a medical marijuana card through Dr. An Chen at Veriheal.

**Supplemental Response 4/21/23:**

Other than obtaining this card, I have not sought any treatment for the physical or emotional harm caused by Defendant.

**INTERROGATORY NO. 13:**

Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that Plaintiff has visited, consulted or received treatment from in the past five (5) years.  For each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associated or affiliated; any medical institutions with

19

which the person was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

**ANSWER #13**

<u>Objections</u>:  This Interrogatory seeks information that is not proportional to the needs of the case.  This Interrogatory seeks information that is not relevant to the subject matter of this litigation.  This interrogatory is harassing, argumentative, overbroad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the objections and subject to them, see Answer #12.

# REDACTED

As to objections:

Dated:  July 17, 2023

The Plaintiff,
LAUREN ROLLINS,
By her attorney,

*/s/ Deborah L. McKenna*
Deborah L. McKenna (*pro hac vice*)
Raymond Dinsmore  (BBO # 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA  01144
Tel: 413-785-1400; Fax: (860) 218-9555
Email:  dmckenna@hayberlawfirm.com
Email:  rdinsmore@hayberlawfirm.com

## CERTIFICATE OF SERVICE

I, Deborah L. McKenna, hereby certify that a copy of the foregoing document was served via email and/or U.S. Mail, postage prepaid, as follows:

>Benjamin R. Davis
>Austin D. Jones
>Jackson Lewis P.C.
>75 Park Plaza, 4thFloor
>Boston, MA 02116
>Email:     Benjamin.Davis@jacksonlewis.com
>                Austin.Jones@jacksonlewis.com

Dated:  July 17, 2023                                    */s/ Deborah L. McKenna*
                                                                          Deborah L. McKenna

Signed under the pains and penalties of perjury this 17 day of July, 2023.

DocuSigned by:

_____
LAUREN ROLLINS