# Exhibit D

```
                                                      Page 1
 1                                              VOL:  I
                                                PAGES: 1-103
 2                                              EXHIBITS: None
 3              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
 4
                              C.A. No.:  3:22-cv-30059
 5
      * * * * * * * * * * * * * * * * * *
 6   LAUREN ROLLINS,                       *
                 Plaintiff                 *
 7       -vs-                              *
                                           *
 8   R STREET INSTITUTE,                   *
                 Defendant                 *
 9    * * * * * * * * * * * * * * * * * *
10
11          ZOOM DEPOSITION of MADISON T. ROLLINS, a
12   witness called on behalf of the Defendant,
13   before Jean Wiseman, a Notary Public and Certified
14   Shorthand Reporter within and for the Commonwealth
15   of Massachusetts, at the residence of MADISON T.
16   ROLLINS, Northampton, Massachusetts, on Thursday,
17   July 13, 2023, commencing at 10:04 a.m.
18
19
20
21
22
23
24
```

| | | |
|---|---|---|
| 1 | | anymore was terrifying. |
| 2 | Q | Did you ever have a conversation with your |
| 3 | | mother about seeking treatment for what you |
| 4 | | were observing as her emotional distress? |
| 5 | A | I did. I asked her about it and I believe at |
| 6 | | first she said that that was not something |
| 7 | | that she was interested in. |
| 8 | | Between the two of us we've spent a |
| 9 | | pretty significant amount of time in our lives |
| 10 | | in therapy for some childhood trauma. So |
| 11 | | I think that she felt: Well, I've been there, |
| 12 | | done that before. But eventually it was my |
| 13 | | understanding that she did seek treatment, but |
| 14 | | it wasn't until on a more recent scale. I am |
| 15 | | aware that she's in therapy, but I'm not sure |
| 16 | | when that started, but at first she was pretty |
| 17 | | against it. |
| 18 | Q | You believe that your mother is currently |
| 19 | | receiving mental health treatment? |
| 20 | A | She is, yes. |
| 21 | Q | Do you know that for certain? |
| 22 | A | I do. I Face Time her and she often tells me |
| 23 | | that she's not answering because she's in |
| 24 | | therapy. |

Page 88

| | | |
|---|---|---|
| 1 | Q | Do you have an understanding of when that |
| 2 | | therapy began? |
| 3 | A | I do not.  It's at least been a few months, |
| 4 | | but I'm not exactly sure. |
| 5 | Q | Okay.  Has she indicated to you the purpose of |
| 6 | | that therapy? |
| 7 | A | Yes.  We talked about it, when I -- you know, |
| 8 | | truthfully, I was a little bit surprised that |
| 9 | | she had decided to go, and she had said to me |
| 10 | | that -- she was trying to convince me, |
| 11 | | actually, because she thinks it's very |
| 12 | | helpful.  It helps her work through anything, |
| 13 | | from childhood trauma to the breakup, to |
| 14 | | losing her job.  I think that it has |
| 15 | | definitely helped her outlook on things. |
| 16 | Q | So you recall your mother speaking about the |
| 17 | | value and benefit that she was deriving from |
| 18 | | therapy; is that right? |
| 19 | A | Yes, and that's -- she's been saying she's an |
| 20 | | advocate for therapy now, which she certainly |
| 21 | | wasn't before. |
| 22 | Q | And when you say before, she wasn't an |
| 23 | | advocate for therapy in the aftermath of her |
| 24 | | termination? |

```
                                                    Page 100
 1              DEPOSITION ERRATA SHEET
 2
 3
 4   Deposition of:  Madison T. Rollins
 5   Case Caption:  Rollins vs. R Street Institute
 6
 7
 8          DECLARATION UNDER PENALTY OF PERJURY
 9             I declare under penalty of perjury
10   that I have read the entire transcript of
11   my Deposition taken in the captioned matter
12   or the same has been read to me, and
13   the same is true and accurate, save and
14   except for changes and/or corrections, if
15   any, as indicated by me on the DEPOSITION
16   ERRATA SHEET hereof, with the understanding
17   that I offer these changes as if still under
18   oath.
19             Signed on the _____day of
20   _____, 2023.
21
22   _____
23                  Witness name
24
```

Page 101

1            DEPOSITION ERRATA SHEET

2    Page No._____Line No.____Change to:_____

3    _____

4    Reason for change:_____

5    Page No._____Line No.____Change to:_____

6    _____

7    Reason for change:_____

8    Page No._____Line No.____Change to:_____

9    _____

10   Reason for change:_____

11   Page No._____Line No.____Change to:_____

12   _____

13   Reason for change:_____

14   Page No.____Line No.____Change to:_____

15   _____

16   Reason for change:_____

17   Page No.____Line No.____Change to:_____

18   _____

19   Reason for change:_____

20   Page No.____Line No.____Change to:_____

21   _____

22   Reason for change:_____

23   SIGNATURE_____DATE_____

24

```
                                                          Page 102

 1                    DEPOSITION ERRATA SHEET

 2    Page No._____Line No._____Change to:_____

 3    _____

 4    Reason for change:_____

 5    Page No._____Line No._____Change to:_____

 6    _____

 7    Reason for change:_____

 8    Page No._____Line No._____Change to:_____

 9    _____

10    Reason for change:_____

11    Page No._____Line No._____Change to:_____

12    _____

13    Reason for change:_____

14    Page No._____Line No._____Change to:_____

15    _____

16    Reason for change:_____

17    Page No._____Line No._____Change to:_____

18    _____

19    Reason for change:_____

20    Page No._____Line No._____Change to:_____

21    _____

22    Reason for change:_____

23    SIGNATURE_____DATE_____

24
```

Page 103

1              CERTIFICATE

2      Commonwealth of Massachusetts

3      Suffolk, ss.

4           I, Jean Wiseman, Certified Shorthand

5      Reporter and Notary Public in and for the

6      State of Massachusetts, do hereby certify:

7           That MADISON T. ROLLINS, the witness

8      whose deposition is hereinbefore set forth, was

9      duly sworn by me and that such statement is a

10     true record of the testimony given by the said

11     witness.

12          IN WITNESS WHEREOF, I have hereunto set my

13     hand and seal this 21st day of July, 2023.

14          My Commission expires 21 May, 2025.

15                          *Jean Wiseman* (signature)

16

17                              JEAN WISEMAN

18          THE FOREGOING CERTIFICATION OF

19          THIS TRANSCRIPT DOES NOT APPLY

20          TO ANY REPRODUCTION OF THE SAME

21          BY ANY MEANS UNLESS UNDER THE

22          DIRECT CONTROL AND/OR DIRECTION

23          OF THE CERTIFYING REPORTER.

24

```
             Federal Rules of Civil Procedure
                          Rule 30
```

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.