# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN ROLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE,<br><br>    Defendant. | **LEAVE TO FILE GRANTED ON 09/27/2023**<br><br>Civil Action: 3:22-cv-30059-MGM |

## R STREET INSTITUTE'S [PROPOSED] REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

In her opposition, Plaintiff contends that she should not have to produce her therapy records because the testimony that Plaintiff stated the therapy helped her process her termination from R Street is "hearsay" and, in any case, the treatment she received pertaining to her job loss was not something she sought out initially. Plaintiff further contends that she should not have to produce documents related to her autism diagnosis because she is not asserting a disability discrimination claim and because there are no formal medical records of her diagnosis and treatment. None of these contentions has any merit.

First, Plaintiff's statement, as relayed by her adult daughter, that her therapy had been "very helpful" to "help her work through" things like "losing her job" are obviously non-hearsay statements of a party opponent. Moreover, Plaintiff's apparent attempt to distinguish therapy initiated specifically to process Plaintiff's job loss from therapy in which one of the topics on which Plaintiff has received counseling has been her job loss is a distinction without a difference. It is also an apparent evolution from the position she took last month. Plaintiff asserted these therapy records were responsive but protected by the psychotherapist privilege in her August 16, 2023 letter but now contends they are non-responsive in the Opposition. Notably, Plaintiff has not

provided a declaration disputing that the evidence that her recent therapy has helped her process her termination.

With respect to Plaintiff's now apparent self-diagnosis of autism, she also appears to be playing a shell game. Despite using the word "we" in relation to her diagnosis during her deposition, Plaintiff's counsel contends (again not supported by declaration) that there are no formal medical records. But Request No. 36 seek "any and all documents" and is not limited to formal medical records. The Opposition fails to categorically state that Plaintiff has no documentation relating to her autism diagnosis and treatment of any kind. And once again, Plaintiff's counsel cannot seem to settle on a position. The Opposition seems to argue both that no relevant documents exist and that such documents are irrelevant because Plaintiff is not pursuing a disability claim. If it is the latter, this is a contention is misplaced. Plaintiff has put at issue in this case whether her employment was terminated for discriminatory/retaliatory reasons or whether R Street had legitimate, non-discriminatory reasons for her termination. Plaintiff's undisclosed autism diagnosis, which she testified makes her blunt, off-putting, and an over communicator, is obviously relevant to R Street's termination decision-making process.

Accordingly, this Court should grant R Street's Motion to Compel.

Respectfully submitted,

R STREET INSTITUTE

By its attorneys,

*/s/ Benjamin R. Davis*
Benjamin Davis (BBO# 673017)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
Benjamin.Davis@Jacksonlewis.com

Dated: September 27, 2023

## CERTIFICATE OF SERVICE

This hereby certifies that on this 27th day of September 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Benjamin R. Davis*

Jackson Lewis P.C.