| | |
|---|---|
| LAUREN ROLLINS,<br>      Plaintiff,<br><br>v.<br><br>R STREET INSTITUTE,<br>      Defendant. | Civil Action: 3:22-cv-30059-MGM |

# R STREET INSTITUTE'S
# MOTION FOR PARTIAL SUMMARY JUDGMENT

R Street Institute ("R Street") submits this Motion for Summary Judgment as to both Counts I and II of the Complaint ("*Compl.*") of Plaintiff Lauren Rollins ("Rollins") for violations of the Federal Equal Pay Act ("FEPA") and Massachusetts Equal Pay Act ("MEPA"), respectively, because no reasonable jury could conclude that Plaintiff received lesser compensation than a valid male comparator or that any such disparity was not supported by legitimate differences in experience and training.

This case is fundamentally about R Street's October 2021 termination of Rollins' employment. She contends that she was fired for raising concerns about gender pay equity. R Street maintains that Rollins struggled in her new role as Associate Vice President ("AVP") of Research Publications, became defensive and adversarial in response to attempts to performance counsel her, and ultimately was fired after sending a wildly inappropriate list of ultimatums to her female supervisor. While R Street is confident in the non-discriminatory and non-retaliatory reasons it had for terminating Rollins' employment, it does not move for summary judgment on those causes of action which will ultimately have to be decided by a jury.

R Street's motion for summary judgment is limited to Rollins' pay equity claims.[1] In Rollins' view, any two jobs - no matter how <u>substantively</u> different – can give rise to a pay equity claim based on her own subjective assessment of whether the two positions require similar skill, effort, and responsibility. But this is not, and cannot be, the law. Otherwise, employers of two individuals doing completely different jobs with completely different market values would be subjected to the risk of an arbitrary and subjective assessment that those positions share sufficiently similar skill, effort, and responsibility so as to <u>legally require</u> them to be compensated equally absent a narrow list of permissible reasons. But the real standard, as recently reiterated in *Lee v. Howard Hughes Med. Inst.*, 607 F. Supp. 3d 52 (D. Mass 2022), requires Rollins to identify a male comparator whose job: 1) had common characteristics that also 2) required substantially similar skill, effort, responsibility, and working conditions.

In her Complaint, Rollins essentially asserts three distinct pay equity claims. She alleges that in her role as Editorial Director (later retitled Director of Research Publications) from May 2019[2] to February 2021 she was performing comparable work to Ray Lehmann's role as Editor in Chief ("EIC") which he last held in 2017. Rollins also alleges that her role as Associate Vice President ("AVP") of Research Programs was comparable to Mazen Saleh's role as AVP of Portfolio Management, which they both held from February 2021 to July 2021. Finally, Rollins

---

[1] These claims are almost certainly an attempt by Rollins to inflate her recoverable damages by recasting her discrimination claims as pay equity claims to avail herself of the longer limitations period. Rollins plainly believes that she was subjected to gender-based discrimination throughout her employment at R Street, including with respect to her pay. But she surely also knows that because she filed her Charge with the Massachusetts Commission Against Discrimination on December 29, 2021, any alleged acts of discrimination before March 4, 2021 – 300 days before she filed the Charge – are time-barred. G.L. c. 151B, § 5.

[2] Rollins alleges that she should have been paid the same as Ray Lehmann had been when she became Editorial Director in January 2018, but the statute of limitations has run for any MEPA claim accruing prior to May 10, 2019 and FEPA claim accruing prior to May 10, 2020, three and two year prior to the filing of the Complaint, respectively.

alleges that when Saleh transitioned out of his role as AVP of Portfolio Management in July 2021 she took on a role that was comparable to the role Saleh held prior to February 2021. Rollins alleges that this similarity was further established when R Street's AVP of Strategy resigned in September 2021. None of these claims has any merit.

The undisputed record evidence establishes that Ray Lehmann had a much different and broader set of responsibilities as EIC than Rollin did as Editorial Director (later retitled to Director of Research Publications). Likewise, Rollins cannot identify a single valid male comparator for her position as AVP of Research Publications. Rollins compares herself to another male AVP (Saleh) whom she admits had vastly different responsibilities. Finally, even after Saleh transitioned into a new role and later when AVP of Strategy, Justina Yee resigned, R Street primarily distributed those responsibilities to other individuals within the organization and did not significantly increase Rollins' responsibilities. Thus, even after these organizational changes Rollins was not serving in the role that Saleh had held prior to February of 2021 (AVP of Policy Management). Moreover, even if Rollins could establish a *prima facie* case with respect to either Lehmann or Saleh (her only even conceivable comparators), the evidence establishes that any discrepancy in compensation was based on permissible factors under both MEPA and FEPA, including differences in their experience.

As additional support, R Street relies on its accompanying Memorandum of Law and Statement of Undisputed Material Facts.

Respectfully submitted,

R STREET INSTITUTE

By its attorneys,

/s/ *Benjamin Davis*
Benjamin Davis (BBO# 673017)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
Benjamin.Davis@Jacksonlewis.com

Dated: September 27, 2023

## CERTIFICATE OF SERVICE

This hereby certifies that on this 27th day of September 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Benjamin Davis*
Jackson Lewis P.C.

4877-1124-9795, v. 14868-2874-0995, v. 1